UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SONJA CARRUTH, *pro se*,

        Debtor.
_____/

Case No. 17-51241

Chapter 7

Judge Thomas J. Tucker

**ORDER DENYING THE DEBTOR'S MOTION FOR WAIVER OF
CREDIT COUNSELING REQUIREMENT,
AND DISMISSING CASE**

On August 7, 2017, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 (Docket # 1). On August 28, 2017, the Debtor filed a document entitled "Ex Parte Motion to Waive Credit Counseling" (Docket # 16, the "Motion"), and a document entitled "Certificate of Exigent Circumstances" (Docket # 17, the "Certificate"). The Motion seeks a waiver of the credit counseling requirement on the basis that the Debtor is dyslexic and it is extremely hard for the Debtor to read. On August 29, 2017, the United States Trustee filed an objection to the Motion (Docket # 21, the "Objection").[1] The Court concludes that a hearing on the Motion is not necessary, and the Debtor's Motion will be denied, for the following reasons.

The Debtor is not eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). That provision requires that a debtor obtain a credit counseling briefing *before or on the date of* filing a bankruptcy petition. It provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, ***during the 180-day period ending on the date of filing the petition*** by such individual, received from an approved nonprofit budget and credit counseling agency described in section

---

[1] The Objection amends and supercedes the objection the United States Trustee filed on August 28, 2017 at Docket # 18.

111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(emphasis added).

11 U.S.C. §§ 109(h)(3) and 109(h)(4) provide limited exceptions to § 109(h)(1)'s requirement of obtaining a credit counseling briefing before or on the date of filing the bankruptcy petition. But neither exception applies in this case.

First, 11 U.S.C. § 109(h)(3) permits a debtor to obtain the required credit counseling briefing up to 30 days after filing the petition, and for cause shown, up to 45 days after filing the petition. *See* 11 U.S.C. § 109(h)(3)(B). Section 109(h)(3)(A) provides:

> (3) (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (I) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

LBR 1007-3 (E.D. Mich.) provides the procedure that a debtor must use when filing a certificate of exigent circumstances under § 109(h)(3)(A):

> **(a) Certification Procedures.** A debtor who files a certification under § 109(h)(3)(A) must also file a motion for approval of the certification. The debtor must file the certification and the motion

> with the petition, serve it on all parties and file a certificate of service. The deadline to file a response is 14 days after service. If no timely response is filed, the certification will be deemed satisfactory under § 109(h)(3)(A)(iii) without a hearing or further order. The motion must be accompanied by a notice that the deadline to file a response is 14 days after service and that if no response is filed, the court will deem the certification satisfactory under § 109(h)(3)(A)(iii) without a hearing.

In this case, the Debtor failed to comply with the requirements of both § 109(h)(3)(A) and LBR 1007-3(a).

First, Debtor did not file a certificate of exigent circumstances or a motion to approve her certification of exigent circumstances **with the petition**, as required by LBR 1007-3(a). In fact she did not file such a motion until 22 days after filing the petition.

Second, even if the Debtor's Motion could be viewed as an untimely certification of exigent circumstances, it does not meet any of the three requirements for approval under § 109(h)(3)(A)(I), (ii), and (iii).

Third, the Debtor did not comply with the other requirements of LBR 1007-3(a).

Fourth, the Motion and certification both present as the only alleged exigent circumstances the fact that the Debtor is dyslexic and it is extremely hard for the Debtor to read. This is not a satisfactory excuse for the Debtor not to have obtained the required credit counseling. As the United States Trustee notes in his Objection, "[c]redit counseling services are available by telephone and the Debtor may therefore complete the requirement without the need for reading written words" and if the Debtor was able to read and complete her bankruptcy petition and schedules without any help, she is certainly capable of complying with the credit

counseling requirement.

11 U.S.C. § 109(h)(4) provides another limited exception to § 109(h)(1)'s requirement of obtaining a credit counseling briefing on or before the date of filing the bankruptcy petition. It provides:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The Debtor's Motion does not demonstrate any of the grounds for relief under § 109(h)(4); no "disability" or "incapacity" is alleged or shown, as those words are defined in this statute.

For these reasons, the Court must deny the Debtor's Motion. But the Court notes that neither this Order nor the dismissal of this case precludes the Debtor from filing a new bankruptcy case, provided that she obtain the required credit counseling briefing on or before the date of filing a new bankruptcy petition.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 16) is denied.

2. This bankruptcy case is dismissed.

**Signed on September 11, 2017**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**